## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA RIVERA CORNISH,<br><br>                    Plaintiff,<br><br>    v.<br><br>NORRIS SQUARE UNITED<br>PRESBYTERIAN CONGREGATION<br>and PRESBYTERY OF<br>PHILADELPHIA,<br><br>                    Defendants. | No. 07-CV-3678 |

## MEMORANDUM

May 27, 2009                                                              Pollak, J.

Defendants Norris Square United Presbyterian Congregation ("Norris Square" or "the Congregation") and Presbytery of Philadelphia have filed a motion to dismiss plaintiff Laura Rivera Cornish's complaint pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  Plaintiff, who is proceeding *pro se*, has not filed a response despite receiving additional time to do so.  The motion is ripe for disposition.

## I.     Background

Given that defendants' request for relief arises under *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) (discussed *infra*), which requires a detailed examination of the circumstances of a lawsuit, the court will set out the facts and

procedural history of this action in some detail.

In July 2007, Laura Rivera Cornish, a resident of Puerto Rico, filed suit in the District Court for the District of Puerto Rico against defendants Norris Square and Presbytery of Philadelphia as well as against the Superior Court of New Jersey and plaintiff's former husband Theodore Frederick Cornish.  The District Court of Puerto Rico dismissed the claims against the latter two and then transferred the case against Norris Square and the Presbytery to this court pursuant to 28 U.S.C. § 1404 in August 2007.  Because the District Court of Puerto Rico issued these decisions *sua sponte*, the district judge permitted plaintiff twenty days to respond before it issued its order; Rivera Cornish never responded.

Plaintiff's lawsuit against the moving defendants concerns her employment with Norris Square in Philadelphia starting in the summer of 2003 and continuing to sometime in 2005.  Her claims for relief sound, or appear to sound, in Title VII, the ADA, the Fair Labor Standards Act (FLSA), fraud, defamation, and invasion of privacy.[1]  Plaintiff contends that the Congregation and members of its staff sexually harassed her, threatened her, discriminated against her, and defamed her.  Rivera Cornish also charges that the Congregation falsified salary stubs for her, withheld the salary reported on these stubs,

---

[1]  Plaintiff's complaint cites some of these federal and state causes of action; her factual allegations and requests for relief suggest the other causes of action.  The court has construed plaintiff's *pro se* complaint liberally in accordance with *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

2.

stole her identity, and committed other acts of fraud regarding her employment.  As relief,

she seeks, *inter alia*, a court-ordered investigation of the alleged fraud and misdeeds by

defendants, return of her personal property, payment of unpaid wages, and monetary

damages.

Plaintiff moved for default judgment in the District of Puerto Rico two weeks after

the case was transferred to the Eastern District of Pennsylvania.  The motion was

transferred to this court and was denied.  Plaintiff then moved this court to appoint

counsel for her.  In November 2007, Magistrate Judge M. Faith Angell denied the motion

for appointed counsel, ordered Rivera Cornish to file an amended complaint by the end of

February 2008, and further ordered her to seek counsel to help her either move her suit

forward or settle it with the defendants.  Judge Angell also scheduled a status conference

for February 28, 2008.

Rivera Cornish mailed a letter to the Eastern District of Pennsylvania, addressed to

the Clerk of Court, in mid-February asking for help in obtaining Social Security benefits

and recounting that she needed help finding representation for her civil suit; she also

described mounting health problems and requested help with the portions of her lawsuit

that were dismissed by the district judge in Puerto Rico.  At no time did the plaintiff file

an amended complaint as ordered by Judge Angell.  At the February 28, 2008 status

conference, which plaintiff joined via telephone, it was plain that Rivera Cornish had

taken no steps to advance this litigation.  Judge Angell placed the case in suspense and

referred the matter to the Employment Attorney Panel (EAP) to help plaintiff obtain

counsel.  Judge Angell further ordered that the parties participate in a May 15, 2008 status

conference to assess the case.

      An attorney from the EAP contacted plaintiff and began to gather information on

her claims.  Plaintiff responded, via email, to some of the requests but not others.  The

attorney then informed Rivera Cornish that, due to her failure to respond, he would be

returning her file to this court and declining the representation.  Plaintiff responded, *inter*

*alia*, that the attorney should not contact her again.  In light of this turn of events, Judge

Angell vacated the referral order.  In early May, Rivera Cornish sent another letter to the

Eastern District of Pennsylvania, again addressed to the Clerk of Court, seeking guidance

in applying for Social Security benefits and recounting her struggles with her appointed

counsel.

      Despite these setbacks, plaintiff participated in the May 15, 2008 status conference

by phone, and Judge Angell ordered the lawsuit to progress into discovery.  Judge Angell

set a date of September 18, 2008 for the close of discovery and for another status

conference.  Shortly after the May 15 conference, however, official court correspondence

sent to plaintiff as certified mail was returned to the court as unclaimed.  Defendants sent

Rivera Cornish interrogatories and requests for production of documents in June 2008,

but plaintiff never responded to them (though, apparently, these communications, unlike

the court's certified letters, were not returned to the senders).  During the fall conference

(continued from September 18, 2008, to October 2), plaintiff offered no explanation for her lack of responsiveness or noncompliance with court orders.

Defendants filed the instant motion on October 16, 2008.  About a week later, Rivera Cornish mailed the court some of her personal medical records (addressing the envelope to me) without any explanation of their import; plaintiff did not submit any opposition to defendants' motion to dismiss, however.  In December 2008, my law clerk wrote a letter to Rivera Cornish inquiring whether she planned to file any sort of opposition (Docket No. 26).  Plaintiff did not respond and has submitted no further documents or correspondence to the court since her October mailing.

## II.   Analysis

Defendants have moved to dismiss the complaint with prejudice, pursuant to Fed. R. Civ. P. 41(b) and *Poulis*, *supra*, for failure to prosecute and to comply with court orders.  Because the balance of relevant factors favors it, the court will grant the motion.

A.   *Plaintiff's failure to oppose the motion to dismiss*

Local Rule 7.1, which governs motions practice in the Eastern District of Pennsylvania, states in part that "In the absence of a timely response, the motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed. R. Civ. P. 56(c)."  E.D. Pa. R. 7.1(c).  The Third Circuit, however, has instructed district courts to avoid utilizing local rules to impose "a sanction for failure to prosecute or defend."  *Stackhouse v. Mazurkiewicz*, 951

5.

F.2d 29, 30 (3d Cir. 1991).  In *Stackhouse*, the court held that a 12(b)(6) motion to

dismiss should not be granted solely on grounds that the plaintiff failed to respond to the

motion within the time established by the local rule; instead, the district court should

conduct the 12(b)(6) analysis using the complaint.  *Id*.  This type of guidance appears

particularly apt when, as here, the unresponsive party is appearing *pro se*.

As with a motion for summary judgment and a 12(b)(6) motion to dismiss, the

motion before the court is subject to a clear doctrinal framework.  Pursuant to *Stackhouse*,

a district court addressing a motion to dismiss for failure to prosecute must conduct the

complete *Poulis* analysis and may not simply grant a motion under Local Rule 7.1

because it is unopposed.

B.      *Review of the suit under* Poulis

Defendants aver that Rivera Cornish has done little or nothing to advance her civil

suit since filing it in 2007, leaving them to face the expense and uncertainties of

defending against claims that, to date, are unsupported by record evidence.  They further

contend that plaintiff has contravened, or is at least dilatory regarding, court orders to file

an amended complaint and participate in discovery.  They ask the court to dismiss

plaintiff's complaint as a sanction, stating that other types of sanctions will be ineffective

in curing the manifest problems in the prosecution of this lawsuit.

The Federal Rules envision the "just, speedy, and inexpensive determination of"

civil lawsuits.  Fed. R. Civ. P. 1.  In terms of this motion, Rule 41(b) provides the

following:

> For failure of the plaintiff to prosecute or to comply with these rules or any
> order of this court, a defendant may move for dismissal of an action or of any
> claim against the defendant.  Unless the court in its order for dismissal
> otherwise specifies, a dismissal under this subdivision ... operates as an
> adjudication on the merits.

The court's decision on a Rule 41(b) motion is subject to the six-factor balancing analysis set forth in *Poulis*, 747 F.2d at 868.  The Third Circuit describes this kind of dismissal as an "extreme sanction," *id*. at 870, and directs that a district court must closely examine the record and evaluate the following factors in order to determine whether dismissal is warranted:

> (1) the extent of the *party's* personal *responsibility*;
> (2) the *prejudice* to the adversary caused by the failure to meet scheduling
> orders and respond to discovery;
> (3) a *history* of dilatoriness;
> (4) whether the conduct of the party or the attorney was *willful* or in *bad
> faith*;
> (5) the effectiveness of sanctions other than dismissal, which entails an
> analysis of *alternative sanctions*; and
> (6) the *meritoriousness* of the claim or defense.

*Id*. at 868 (emphasis in original).  Accordingly, the court will make a determination regarding each factor before concluding whether or not dismissal is warranted.

1.     Rivera Cornish bears personal responsibility for her shortcomings in advancing the litigation.  She is acting *pro se* and thus makes all of her own decisions concerning the suit.  Judge Angell gave plaintiff a period of time to seek counsel, but Rivera Cornish either elected not to or failed to.  Judge Angell then referred the case to

7.

the EAP, but Rivera Cornish was unable or unwilling to collaborate with the assigned

attorney.  While the court notes (based on her occasional letters and mailings to the court)

that Rivera Cornish appears to suffer from multiple physical and emotional maladies, and

further notes that such maladies might contribute to plaintiff's deficiencies here, the court

nonetheless concludes that the first *Poulis* factor weighs in favor of dismissal.

2.      Defendants have suffered prejudice as the result of plaintiff's dilatory

conduct.  Plaintiff's original complaint, which remains unamended, contains claims

against multiple defendants, as well as allegations against persons and entities that are not

named as defendants.  In some places, the various allegations are interconnected, making

the moving defendants' assessment of the complaint difficult.  Further, Rivera Cornish

has not made the initial disclosures required under Fed. R. Civ. P. 26(a)(1), so defendants

have no concrete sense of plaintiff's witnesses, evidence, or potential damages.  Lastly,

plaintiff has not responded to defendants' discovery requests, thus hindering them in

gathering evidence for their defense.  In short, the court finds that plaintiff has haled

defendants into court but failed to furnish them with the basic components they are due in

order to contest her claims.  The second *Poulis* factor of prejudice to adversaries thus

weighs in favor of dismissal.

3.      Plaintiff's conduct has been dilatory.  The record shows that Rivera Cornish

has repeatedly missed important deadlines.  She still has yet to file an amended complaint,

despite being under order to do so by February 2008.  She has participated by phone in

the status conferences called by Magistrate Judge Angell, but has failed to advance her

suit in the intervening periods; consequently, this litigation has languished for months and

is, essentially, no farther along than it was a year ago.  Rivera Cornish has ignored the

valid attempts of her adversaries to begin discovery and has offered the court no

explanation for her contrary behavior.  "Time limits imposed by the rules and the court

serve an important purpose for the expeditious processing of litigation.  If compliance is

not feasible, a timely request for an extension should be made to the court."  *Poulis*, 747

F.2d at 868.  Even making allowances for Rivera Cornish's status as a *pro se* plaintiff and

for her professed health problems, the third *Poulis* factor also weighs in favor of

dismissal.

      4.    Plaintiff's stalling and non-participation appear willful.  Judge Angell has

patiently sought to facilitate the progress of this suit.  She has allowed for delays by the

plaintiff even without receiving requests for additional time.  She has conducted a number

of status conferences to try to solve problems.  Despite this, Rivera Cornish's dilatory

conduct has only worsened with time.  She has offered the court no viable explanation for

her failure to file an amended complaint or to participate in discovery — and she remains

noncompliant on both.  Despite being afforded the opportunity to secure appointed

counsel, plaintiff failed to collaborate with her prospective attorney in a timely fashion.

At this point in the litigation, the court can only conclude that Rivera Cornish has

abandoned her suit but has not bothered to formally dismiss it herself.  Accordingly, the

court concludes that the fourth *Poulis* factor of willfulness weighs in favor of dismissal.

5.      The court agrees with defendants that alternative sanctions are unlikely to prove effective.  Rivera Cornish is *pro se* and proceeding *in forma pauperis*.  Monetary sanctions thus would appear a fruitless course.  Further, with no real evidence presented and discovery stalled before it has even commenced, the court has no viable recourse to sanctions under Fed. R. Civ. P. 37.  As with monetary sanctions, the court finds little to recommend a finding of contempt against Rivera Cornish.  The court also suspects that none of these sanctions would spur the plaintiff into taking a more active role in this lawsuit.  Accordingly, examination of the fifth *Poulis* factor urges dismissal.

6.      There is the possibility that some of plaintiff's claims are viable.  In *Poulis*, the Third Circuit stated that a claim "will be deemed meritorious when the allegations in the pleadings, if established at trial, would support recovery by plaintiff ...."  870 F.2d at 869-70.  Under this standard, several of plaintiff's claims may be regarded as potentially meritorious.  For example, Rivera Cornish contends that she received pay stubs, and that the federal government received tax payments on her salary, but that Norris Square did not actually deposit her proper pay amount in her bank account.  If she were able to establish this at trial, she would minimally prevail on an FLSA claim and might prevail on her fraud claims as well.  However, plaintiff's discrimination claims are not as well founded on cognizable factual allegations since she does not identify any concrete

adverse employment action.[2]  Further, plaintiff's unwillingness to properly amend her

complaint, as ordered by Judge Angell, complicates the assessment of this factor because

much of the pleading against defendants is interconnected with allegations against other

persons and entities.  The court concludes that this factor weighs against dismissal, but

not with substantial weight.

Five out of six of the *Poulis* factors militate for dismissal of the complaint with

prejudice.  The sixth weighs, slightly, against dismissal.  The final *Poulis* analysis is a

balancing of all six factors.  747 F.2d at 870.  No single factor is dispositive, and not all

six factors need to favor dismissal for the sanction to apply.  *Briscoe v. Klaus*, 538 F.3d

252, 263 (3d Cir. 2008).  The balancing in this case yields the conclusion that dismissal

with prejudice is warranted.

Rivera Cornish has taken no steps to focus the litigation and advance it despite

orders and aid from Judge Angell.  In fact, in the view of the court, Rivera Cornish has all

but abandoned the lawsuit in the last number of months.  Although it is possible that, had

plaintiff proceeded in proper fashion, she could have established certain claims against

the moving defendants, the record makes clear that plaintiff has been afforded

considerable time, as well as offered public resources, to help her move forward and has

---

[2]  In her complaint, Rivera Cornish describes incidents of violence and sexual harassment perpetrated against her by one superior and by a community member.  Compl. at 3, 4.  She also accuses Norris Square of fraudulently failing to pay her full salary.  *Id*. at 5.  She does not state that Norris Square terminated her or reduced her pay or otherwise took adverse employment action against her.  Instead, her complaint jumps to allegations of an improper layoff by an employer in Puerto Rico.  *Id*. at 6.

elected not to do so.  The moving defendants have borne the uncertainty and expense of facing litigation for over eighteen months and know little more about the suit or their possible liabilities than they did at the outset.  It would seem unjust to deny them repose. Accordingly, the court will dismiss the complaint, as against the moving defendants, with prejudice.

### III.   Conclusion

For the reasons stated above, the motion of defendants Norris Square United Presbyterian Congregation and Presbytery of Philadelphia to dismiss plaintiff's complaint with prejudice will be granted.